## Case No. 15,290.

### UNITED STATES v. HAMILTON.

[1 Mason, 152.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1816.

CRIMINAL JURISDICTION—FOREIGN PORT.

Larceny committed on board an American ship, in an enclosed dock, in a foreign port, is not punishable under the statute of the 30th of April, 1790, c. 9, § 16 [1 Stat. 112].

[Cited in U. S. v. Morel, Case No. 15,807; U. S. v. New Bedford Bridge, Id. 15,867; U. S. v. Seagrist, Id. 16,245; U. S. v. Rodgers, 150 U. S. 268, 14 Sup. Ct. 116.]

Indictment [against James Hamilton] for a larceny on the high seas against the act of the 30th of April, 1790, c. 9, § 16. Upon the trial it appeared, that the supposed larceny was committed on board the American ship Augusta, while she lay in an enclosed dock, in the port of Havre in France, into which dock the water was admitted only at the will of the owners.

G. Blake, for the United States.

STORY, Circuit Justice. Upon this evidence the indictment is not maintained. The place, where the ship lay, was in no sense "the high seas." The admiralty has never held, that the waters of havens, where the tide ebbs and flows, are properly the high seas, unless those waters are without low-water mark. The common law has attempted a still more narrow construction of the terms.

Verdict for the defendant.